[No. 11849. Department Two. — September 30, 1887.]

## H. BARNHART, Respondent, v. A. S. FULKERTH ET AL., Appellants.

Pledge — Execution against Pledgor — Levy on Pledged Property — After-acquired Title. — A pledgee in an action brought by him to recover the property pledged, against a sheriff who had taken the same under an execution against the pledgor, cannot avail himself of a title acquired subsequent to the commencement of the action.

Id. — Tender of Indebtedness — Sufficiency of. — A pledgee, who at the time of a tender of the indebtedness to secure which the pledge was given, admits its sufficiency, cannot afterwards object to the tender on the ground that it was accompanied by conditions to which he was not bound to accede.

Practice — Findings — Judge may Prepare. — The trial judge may himself prepare the findings in an action, and is not required to adopt those prepared by counsel.

Appeal from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

After the trial of the action, the defendants presented to the court a document embodying what they claimed should be the appropriate findings in the case, and requested the court to adopt them as such. The court refused so to do, and adopted other findings. The further facts are stated in the opinion of the court.

*W. E. Turner*, for Appellants.

*J. H. Budd*, and *D. S. Terry*, for Respondent.

THORNTON, J. — This action was brought to recover possession of 4,255 bags of wheat, or their value in case a delivery cannot be had, and for $2,000 damages, etc.

The material allegations of the complaint were denied by the answer, and defendant Fulkerth justified under a levy on the wheat sued for, made by him as sheriff of the county of Stanislaus, of a writ of attachment issued in the action brought in the District Court for the county just named, by H. O. Matthews *et al.* against J. T. Davis, and further, under a levy on the same property of a writ of execution issued upon a judgment recovered in the above-entitled action.

At the trial, it appears that on or about the seventh day of November, 1878, the plaintiff lent Davis the sum of two thousand five hundred dollars, and received the wheat in question in pledge as security for its repayment to him. These facts are established by uncontroverted evidence. At the time of this loan the wheat was stored in a warehouse at Turlock. It had been stored at Turlock before plaintiff made the loan to Davis, having been placed there by Davis in the September preceding. For this wheat a receipt was given by the warehouseman, defendant Perley, of which the following is a copy:—

"TURLOCK, CAL., Sept. 16, 1878.

"Received in good order, and well conditioned, from E. C. Vancel, five thousand and fifty-five (5,055) bags wheat weighing six hundred and fifty-four thousand three hundred and eighty-nine pounds (654,389 lbs.), which I hereby agree to deliver in like order and condition (the danger from fire excepted) upon return of this receipt and payment of storage at the rate of fifty cents per ton for the first month, commencing August 26, 1878, and twenty-five cents per ton per month thereafter. Total storage not to exceed one dollar ($1) per ton for the season ending June 1, 1879.

"Stored in the grain warehouse at Turlock known as Charles Dallas's warehouse.   GEORGE PERLEY."

This receipt was delivered to the plaintiff by Davis on the 7th of November, 1878, with the following indorsements on it: —

" To dispose of for me to the best advantage, I assign the within to John T. Davis.        E. C. VANCEL."

" Nov. 5, 1878.    Received on the within receipt eight hundred bags wheat, estimated weight one hundred and four thousand pounds.        J. T. DAVIS."

" I assign the within receipt to H. Barnhart to secure to him the payment of two thousand five hundred dollars.        J. T. DAVIS."

The last indorsement of Davis was made at the time of the loan of two thousand five hundred dollars.

This pledge was a bailment by Davis to the plaintiff. Davis and the plaintiff sustained to each other the relation of pledgor and pledgee. Plaintiff's transaction was with Davis only. He lent Davis the money and took his note for it. When the money lent should be paid back by Davis, the plaintiff was bound to return him the wheat pledged.

It is contended on the part of plaintiff that this wheat was the property of one Vancel. Can the plaintiff be allowed to show this?

It does not appear that any transactions took place between Vancel and plaintiff until after this action was commenced. Barnhart testified that he lent money to Vancel on this wheat and other property in April, 1879. This action was brought on the 17th of February, 1879. Barnhart must recover on his title as it was when the action was commenced. If Barnhart cannot call in aid the title of Vancel when the suit was commenced, it will not avail him to recover in this action. He may show that the money—two thousand five hundred dollars — that he paid over to Davis in November, 1878, and for which Davis executed to him his note, was merely a loan to Vancel through Davis, as agent of the latter, and that Vancel, and not Davis, was the pledgor;

that the transaction was one not with Davis, but with Vancel through Davis as the agent of the former.

If the loan was to Davis as principal, and the pledge was made by Davis on his individual account, and the wheat belonged to Vancel, and Barnhart had before this action was brought turned over the wheat to Vancel as owner, and received it back from him as his (Vancel's) custodian, he might have relied on Vancel's title. (*Palmtag* v. *Doutrick,* 59 Cal. 154.)

Nor does it appear that Barnhart ever lent any money to Vancel until after he had brought suit. He and Davis both testify that the money was lent by the plaintiff to Davis, and that Davis pledged the wheat to him. The plaintiff received the wheat from Davis on a loan made to him, and to him only. It does not appear that Vancel's name was ever mentioned in the transaction at all. Vancel does not appear in the case until after the wheat had been attached by the plaintiffs in the suit of *Matthews et al.* v. *Davis,* and a tender, admitted by Barnhart to have been sufficient, of the amount due him by Davis had been made to him and refused. The interposition of Vancel as owner, by Barnhart, seems to have been an afterthought, resorted to to ward off and defeat the defense herein set up.

We are of opinion that Barnhart showed no right in this case to rely on the title of Vancel to defeat the defense relied on. His right to invoke such title did not arise until after he had begun his suit, and inasmuch as he could only recover on the title which he had when his action was instituted, a right or title afterwards acquired could not be here available to him.

Barnhart testified that he told Hewel (the agent of the sheriff to make the tender) that so far as the amount was concerned, and the sufficiency of the tender, he admitted it. Having made this admission, Barnhart should not be permitted afterwards to allege that the tender was not good by reason of the fact that Hewel

said to him, when the tender was made, that he wanted Davis's note from him, and the warehouse receipt. If the above should be construed as annexing conditions to the tender, Barnhart waived all right to object to them by admitting the sufficiency of the tender. (Civ. Code, sec. 1501.)

We do not think that there should be a reversal because the court refused to permit a question to be put to the witness Davis on his cross-examination by counsel for defendants, whether since the 7th or 8th of November, 1878, he had paid the loan of two thousand five hundred dollars ($2,500), or any part of it. We are not clear that it was allowable on cross-examination, and that the court erred in ruling it out for that reason. We are the less disposed to reverse on account of this ruling, for the reason that the defendants might have made Davis their own witness as to the matter inquired about.

Having held that Barnhart was estopped by reason of his relation to Davis to avail himself of the title of Vancel, there is but slight necessity to pass on another point of estoppel urged by defendants, based on the statements made by Barnhart, prior to the levy of the attachment, to the attaching creditor (Matthews) and the sheriff, that the wheat was the property of Davis. We do not think this estoppel made out, for the reason that it does not appear that the levy was made in sole reliance upon the statements made by Barnhart.

We see no error in the court's refusing to sign the findings presented by counsel for defendants, for the reasons given in *Miller* v. *Steen*, 30 Cal. 402, and *Porter* v. *Woodward*, 57 Cal. 538.

It follows from the foregoing that the judgment and order denying a new trial must be reversed, and the cause remanded, that a new trial may be had.

So ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.