[No. 14603.   Department Two. — February 24, 1892.]

# H. BARNHART, APPELLANT, *v.* A. S. FULKERTH ET AL., RESPONDENTS.

93   497
125   114
93   497
142   115

REPLEVIN — ATTACHMENT OF PLEDGED PROPERTY — ESTOPPEL — EVIDENCE — RELIANCE OF ATTORNEY UPON DECLARATION OF PLEDGEE. — In an action to recover wheat attached by the sheriff in plaintiff's warehouse as the property of the attachment debtor, who had pledged it to the plaintiff, to whom the sheriff had, at the time of the attachment, tendered the amount of his debt and lien, where the plaintiff claims that the wheat then belonged to another person, to whom the attachment debtor had deeded the land, and the defendant claims that the plaintiff was estopped from denying the ownership of the wheat by the pledgor, upon the ground that he had informed the attorney for the attaching creditor, who also acted as agent for the sheriff, that the wheat belonged to the pledgor and that he had a lien on it, such attorney may testify that he based his action in instructing the sheriff to levy upon the property solely and entirely upon the declaration of the plaintiff, and the belief that such declaration was true.

ID. — ELEMENT OF ESTOPPEL — INDUCEMENT TO ACT. — One of the necessary elements of an estoppel is, that the party setting it up was induced to act by the conduct or directions of the party sought to be estopped.

ID. — EVIDENCE OF INTENT. — A witness may be asked as to the intent with which he did a certain act, where that intent is a material thing in the action.

ID. — CROSS-EXAMINATION — VALUE OF SECURITY FOR DEBT. — Where the plaintiff, in an action to replevy property taken from his custody under attachment against a third person who had pledged it to the plaintiff, testified in chief that it did not belong to the attachment debtor, and that he had other security for the money due to him from the attachment debtor, a question, upon cross-examination, whether such additional security was not in value twice or three times as much as the money loaned is not subject to the objection of immateriality.

ID. — OBJECTIONS TO CROSS-EXAMINATION — HARMLESS ANSWERS — REVIEW UPON APPEAL. — Where questions objected to on cross-examination upon trial by the court without a jury are answered in such a way that it is evident that the party objecting thereto could not have been harmed by the questions, the overruling of the objections thereto is not ground for reversal upon appeal.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*P. J. Hazen,* for Appellant.

*W. E. Turner,* and *Charles J. Heggerty,* for Respondents.
XCIII. CAL.—32

McFARLAND, J. — This is an appeal by plaintiff from an order denying him a new trial. He had also taken an appeal from the judgment, and on that appeal the judgment was by this court affirmed. (90 Cal. 157.) There had also been an earlier judgment in the trial court in favor of plaintiff; and on appeal by defendant from *that* judgment, and from an order denying a new trial, it was reversed and a new trial ordered. (*Barnhart* v. *Fulkerth*, 73 Cal. 526.) Upon those two appeals the main questions in the case were decided against the contention of plaintiff. In the last appeal from the judgment, it was definitely determined as the law of the case that the findings supported the judgment. The only questions arising upon this present appeal from the order denying a new trial appertain to the sufficiency of the evidence to justify the findings and rulings of the court as to the admissibility of evidence. The evidence as to the main issues of fact is voluminous and somewhat conflicting, and it would be a useless labor to review it here in detail. It is sufficient to say that there is no reason for disturbing the findings of fact made by the trial court, upon the ground that they are not warranted by the evidence.

There are only two alleged errors on rulings upon the admission of evidence which are relied upon, one relating to the testimony of Howel, and the other to the testimony of Barnhart.

The action was to recover certain wheat in a warehouse claimed by plaintiff, but attached and sold by defendant Fulkerth, sheriff, as the property of one Davis, upon a writ issued in a certain action brought by Mathews and wife against said Davis. Davis owed the plaintiff, Barnhart, two thousand five hundred dollars, and had pledged the wheat to the latter to secure that sum of money; and when the sheriff attached the wheat, he tendered the plaintiff the amount of his debt and lien. The witness Howel was the attorney of the Mathewses, and was also acting as the agent for the sheriff; and immediately before the attachment was levied, he visited

the plaintiff, Barnhart, and asked him about the owner-
ship of the wheat.  Barnhart told him that the wheat
belonged to Davis, and that he (Barnhart) had a lien on
it for two thousand five hundred dollars and interest.
Afterwards it was claimed by Barnhart that the wheat, at
the time of the attachment, really belonged to one Van-
cel, who lived in an Eastern state, and to whom Davis had
deeded a life interest in the land upon which the wheat
had been raised.  Defendants contended, among other
things, that under these circumstances, wherever the
strict legal title to the wheat may have been, Barnhart
was estopped from denying that it belonged to Davis.

Now, the questions asked Howel to which appellant
objected were these: " Upon what did you base your ac-
tion in instructing the sheriff to levy?" and " Did you
rely solely and entirely upon the declarations of Barn-
hart, and the belief that that declaration was true from
Barnhart's own declaration?"  The objection was, that
the questions were " irrelevant, incompetent, and imma-
terial "; and we think that it was properly overruled.
One of the necessary elements of estoppel is, that the
party setting it up must have been actually induced to
do a certain act by the conduct or directions of the party
sought to be estopped; and under our system, where all
persons (practically) may testify, a witness may be ex-
amined as to the intent with which he did a certain act,
where that intent is a material thing in the action.  Even
in a criminal case a defendant may testify as to the in-
tent with which he entered a building or killed a human
being, although, of course, a jury is not bound to believe
the witness, either in a criminal or a civil action.  But
such testimony is competent and relevant, and is not
immaterial.

The other rulings excepted to relate to certain ques-
tions asked by respondents in cross-examination of the
plaintiff.  Plaintiff, having testified that he had received
other security (land) for the money owing by Davis, was
asked if such additional security was not "in value twice
or three times as much as the money that you loaned.

him," and the only objection was that it was "immaterial." We think the question was at least material; and moreover, as the answer was negative, it could have done no harm. There were three other questions asked plaintiff which were objected to upon the sole ground that they were "not in cross-examination." We are disposed to think that the court was right in holding that they were legitimate cross-examination of the plaintiff; but as the answers were all negative, or that the witness had "no recollection" of the matter asked about, the appellant could not have been prejudiced by the questions, particularly as the case was tried by the judge without a jury.

These views make it unnecessary to determine respondents' motion to dismiss the appeal.

The order denying a new trial is affirmed.

SHARPSTEIN, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.