[Civ. No. 450.   Second Appellate District.—December 31, 1907.]

CHRISTIAN BERTELSEN, Appellant, v. LENA BERTELSEN, Respondent.

ACTION TO ESTABLISH TRUST IN REALTY—GIFTS OF MONEY—PROPERTY OF DEFENDANT—SUPPORT OF FINDING.—In an action to establish a trust in real property alleged to be purchased with plaintiff's money, it is held that there is ample evidence to support the finding that the sums of money paid to defendant by the plaintiff were in the nature of a gift, and that the proceeds of the money invested in real property in defendant's name became the defendant's property.

ID.—EVIDENCE — PLAINTIFF'S INTENTIONS — HARMLESS ERROR—MERETRICIOUS RELATIONS OF PARTIES—RELIEF TO PLAINTIFF NOT PERMISSIBLE.—The court erred in refusing to permit the plaintiff to testify as to his intentions when he gave the money to the defendant, and in permitting her to retain title to the real property, but such error is harmless where it appears that when the money was given

and the title taken in defendant's name without objection, the parties were living in meretricious relations, and the payments were in consideration of a continued course of prostitution. In such case, the trial court was precluded from granting relief to the plaintiff, and its duty was to leave the parties where it found them.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order granting a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

P. S. McNutt, for Appellant.

The trust is a resulting one, arising from the furnishing of the consideration by the plaintiff. (Civ. Code, sec. 853; 2 Story's Equity Jurisprudence, sec. 1201; *Hidden* v. *Jordan,* 21 Cal. 99; *Bayles* v. *Baxter,* 22 Cal. 575; *Millard* v. *Hathaway,* 27 Cal. 119; *Thomas* v. *Jameson,* 77 Cal. 91, 19 Pac. 177; *Somer* v. *Overhulser,* 67 Cal. 237, 7 Pac. 645; Beach on Trusts and Trustees, secs. 150, 151, 152; Flint on Trusts and Trustees, secs. 68, 177; *Lufkin* v. *Jakeman,* 188 Mass. 528, 74 N. E. 933.) The court erred in refusing to allow plaintiff to testify as to his intentions as to the matter. (*Pritchard* v. *Hirt,* 39 Hun (N. Y.), 378; *Barnhart* v. *Fulkerth,* 93 Cal. 407, 29 Pac. 50; *Ward* v. *Ward,* 59 Conn. 188, 22 Atl. 149.)

Davis, Rush & Willis, and Byron C. Hanna, for Respondent.

The finding against a trust cannot be set aside where the evidence is conflicting according to the well-settled rule. (*Myers* v. *Great Western Ins. Co.,* 104 Cal. 381, 38 Pac. 82; *Estate of Sylvester,* 105 Cal. 189, 38 Pac. 648; *Soberanes* v. *Soberanes,* 106 Cal. 1, 39 Pac. 39, 527; *Miller* v. *Kehoe,* 107 Cal. 340, 40 Pac. 485; *Simons* v. *Webster,* 108 Cal. 16, 40 Pac. 1056.) A contract tainted with the vice of illegality or immorality cannot form the basis of judicial relief, either at law or in equity. (*Santa Clara Valley etc. Co.* v. *Hayes,* 76 Cal. 390, 9 Am. St. Rep. 211, 18 Pac. 391; *Valentine* v. *Stewart,* 15 Cal. 387; *Arger* v. *Duncan,* 50 Cal. 327; *Kreamer* v. *Earl,* 91 Cal. 118, 27 Pac. 735; *Morrill* v. *Nightingale,* 93 Cal. 458, 27 Am. St. Rep. 207, 28 Pac. 1068; *Buck* v. *City of Eureka,* 109 Cal. 522, 42 Pac. 243; *Chateau* v. *Singla,* 114 Cal. 94, 55

Am. St. Rep. 63, 45 Pac. 1015; *De Leonis* v. *Walsh*, 140 Cal. 182, 73 Pac. 813; *Ballerino* v. *Ballerino*, 147 Cal. 545, 82 Pac. 199; *Wright* v. *Rindskopf*, 43 Wis. 348.)

ALLEN, P. J.—Action to have a trust declared in certain real property. Findings and judgment for defendant. Appeal from the judgment and an order denying a new trial.

The record in this case illustrates the truth of an old adage. It appears that the defendant was a San Francisco manicure, and plaintiff a mature man of means living at Los Angeles. They met in San Francisco and the first night of their meeting resulted in illicit cohabitation. Plaintiff was so impressed with defendant's charms that he at once insisted upon her removal to Los Angeles. She, as subsequent events disclose, was principally charmed with his financial standing. The parties resumed their illicit relations in Los Angeles and continued so to do for more than a year, during which time plaintiff gave defendant at first $700, with which to buy a rooming-house. This money was so expended, and shortly thereafter defendant, having title and possession of the rooming-house, exchanged the same for Los Angeles real estate, taking the title thereto in her own name. This she did without any protest upon the part of plaintiff, who had knowledge of the transaction. Afterward plaintiff gave her an additional $860, with which to buy another rooming-house. This defendant purchased in her own name, and in like manner traded the same for more real estate, taking the title thereto in herself. Plaintiff seems to have acquiesced in all these trades, and at all times to have had knowledge of the condition of the title. Afterward, in 1901, the parties concluded to marry, which they did, and after living together as man and wife for three years separated. Plaintiff never made claim to the property until after the separation, yet now seeks the aid of a court of equity to have the real estate standing in the name of defendant charged with a trust in his favor.

We think the court properly refused the relief. We would not be inclined, even if the findings that the sums of money paid defendant were in the nature of a gift were not entirely supported by the evidence, to disturb the judgment. The whole transaction seems to have for its basis payments in consideration of a continued course of prostitution. But, aside

from this, there is ample evidence to support the finding that the sums paid defendant by plaintiff were in the nature of a gift, from which it follows that the proceeds of such money became the defendant's property.

It is insisted, however, that the court erred in its refusal to permit the plaintiff to testify as to his intentions when he gave her the money, and his intentions in permitting her to retain title to the real property. It is true that in this the court erred. "Under our system, where all persons (practically) may testify, a witness may be examined as to the intent with which he did a certain act, where that intent is a material thing in the action." (*Barnhart* v. *Fulkerth*, 93 Cal. 499, [29 Pac. 50]; *Kyle* v. *Craig*, 125 Cal. 114, [57 Pac. 791].) But we think the error was harmless; for if the court had received such evidence and given it due weight, the effect could not have been to change the judgment. The facts and circumstances under which the payments were made preclude either party from being relieved in connection therewith. The duty of the court was, as by it determined, to leave the parties where it found them.

Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1908.