[Civ. No. 440.   Second Appellate District.—January 20, 1908.]

G. S. PORTER, Appellant, v. HARRY E. DOUGLASS, Administrator of Estate of MARY A. DOUGLASS, Alias MARY A. PORTER, Deceased, et al., Heirs of MARY A. DOUGLASS, Respondents.

ACTION TO DECLARE TRUST—GIFTS TO WIFE OF ANOTHER MAN—ESTATE OF DECEASED WIFE—SUPPORT OF FINDINGS.—Where the findings show that plaintiff, while having adulterous intercourse with one who was known to be the wife of another man, made her payments of money intended as gifts to her, and that none of the property purchased by her therewith, or held by her, was held in trust for him, and such findings are sufficiently supported by the evidence, he cannot maintain an action to enforce a trust against the administrator and heirs of her estate.

ID.—PRESUMPTION OF RESULTING TRUST OVERCOME.—Any presumption of a trust resulting from the furnishing of the money by the plaintiff to the decedent is overcome by evidence showing that the payments were intended as gifts to the decedent.

ID.—EVIDENCE—PAYMENT OF BURIAL EXPENSES INADMISSIBLE.—Where the complaint shows that plaintiff and the decedent were never married, the court did not err in excluding evidence that he paid her burial expenses, as tending to show that the deceased was plaintiff's wife.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Jones & Drake, for Appellant.

Wm. Mattoon, M. C. Hester, and G. P. Adams, for Respondents.

SHAW, J.—Mary A. Douglass and defendant David E. Douglass were husband and wife.   She died intestate on December 28, 1904, leaving as her heirs her said husband and three sons, Claude Douglass, Bert Douglass, and Harry E. Douglass, the last named of whom was appointed administrator of her estate.  This estate consists of certain real estate

and mortgages, the consideration for the purchase of which plaintiff claims to have furnished, and all of which property he claims the deceased held in trust for him. In this action he seeks a decree of court establishing a trust and adjudging that he is the owner of the property. As appears from the evidence and findings, the plaintiff, prior to July 15, 1902, was in the employ of the defendant David E. Douglass in Omaha, Nebraska, and boarded with said defendant with whom said Mary A. Douglass, deceased, was then living as his wife. Plaintiff had known both Douglass and his wife since 1886, and knew that they were living together as husband and wife with their three children. Plaintiff left the home and employ of said defendant David E. Douglass at the latter's request, and came to Los Angeles, from which place he carried on a correspondence with Mary E. Douglass and urged her to come to him. She followed plaintiff to Los Angeles, and after going through a pretended marriage ceremony, on a vessel at sea, ·plaintiff and said Mary A. Douglass lived together as husband and wife up to the time of her death. It was during this period that the title to the property involved in the action was acquired by said deceased.

The court gave judgment for defendants. Plaintiff moved for a new trial, which was denied, and he appeals from both the judgment and the order denying his motion for a new trial.

The court found that plaintiff at all times knew that Mary A. Douglass was the wife of David E. Douglass; that plaintiff voluntarily placed in the hands of the deceased, without any agreement as to what she should do with it, the money with which she purchased a part of the property; that other property was purchased with the joint earnings of the plaintiff and Mary A. Douglass, the title to which was, at the request of plaintiff, conveyed to her and by him intended to be and was a gift; that a note and mortgage securing the payment of the same was made in the joint names of plaintiff and decedent, with the full knowledge and consent of plaintiff, and the mortgage as thus made filed by him for record; that none of the property was held by Mary A. Douglass in trust for plaintiff.

Appellant contends that as the parties were not husband and wife, the presumption of a trust in favor of the plaintiff arises by reason of the fact that he furnished at least a part of

the money to make the purchase.    (Civ. Code, sec. 853.)    Conceding that the presumption does arise in this case, it is overcome by the evidence, which fully justifies the findings made by the court.    Indeed, appellant's counsel do not attempt to point out specifically wherein the evidence fails to support the findings, but discuss the case in a general way, assigning as a reason for such course that the presentation as thus made is in a more "palatable form."    Counsel's desire is commendable, and any failure in this regard is due to the facts of the case, not to a want of ability exhibited in the presentation. The language used in an opinion handed down at the present term of this court in the case of *Bertelsen* v. *Bertelsen, ante.* p. 258, [94 Pac. 80], is applicable to this case.    It was there said, in discussing a case somewhat similar as to facts, but of far more merit: "We would not be inclined, even if the findings that the sums of money paid by defendant were in the nature of a gift were not entirely supported by the evidence, to disturb the judgment."

Appellant contends that the court erred in sustaining an objection to a question asked plaintiff as to whether he paid the burial expenses of deceased, his claim being that proof that he paid such expenses tends to corroborate the theory that deceased was the wife of plaintiff.    His complaint shows that he and Mary A. Douglass were never married.    We cannot conceive of any theory upon which such evidence would be admissible.

There is nothing in other points urged.

Judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 19, 1908.