[S. F. No. 5077.   Department One.—September 20, 1909.]

## JOHN FANNING, Respondent, v. SINON GREEN, as Administrator of the Estate of Margaret Fanning, Deceased, Appellant.

HUSBAND AND WIFE—DEED TO BOTH AS GRANTEES—PRESUMPTION AS TO WIFE'S SEPARATE PROPERTY.—Since the amendment of March 19, 1889, to section 164 of the Civil Code, it is presumed, from the fact that both husband and wife were named as grantees in a deed, that the wife took an undivided half interest in the land conveyed as her separate property.

ID.—PURCHASE WITH COMMUNITY FUNDS—PRESUMPTION OF GIFT.—Where the property so acquired was purchased with community funds, it is necessary, in order to make any portion of it her separate property, that it should have been given to her by her husband. Such a gift will be presumed, under section 164 of the Civil Code, where a gift is essential to the theory that the property is the separate property of the wife. This presumption is only a *prima facie* one, except in so far as purchasers and encumbrancers in good faith and for a valuable consideration are concerned.

ID.—EVIDENCE TO REBUT PRESUMPTION—FINDING—APPEAL.—In a controversy between the husband and the legal representative of the wife, the presumption may be controverted by other evidence, direct or indirect, and it is only where it is not so controverted that the court or jury is bound to find according to the presumption. Whether or not it is so controverted is a question of fact for the trial court, and its conclusion is conclusive upon an appellate court unless it be manifestly without sufficient support in the evidence.

ID.—DIRECTION OF HUSBAND TO MAKE DEED TO WIFE—INTENT TO MAKE GIFT.—The mere fact that, in the purchase of real property with community funds, the husband directed that the deed should run to the wife as grantee, does not necessarily compel the conclusion that a gift to the wife was intended. Other facts and circumstances may so tend to show another reason than the desire and intent to make a gift, as to furnish ample warrant for a conclusion that no gift was intended, and, therefore, that there has been no executed gift.

ID.—INTENT TO VEST TITLE IN WIFE AS SEPARATE PROPERTY—INFERENCE OF INTENT—EVIDENCE.—Where a husband purchases property with community funds, and directs the conveyance to be made to his wife, with the intent to make it her separate property, the deed will operate to vest the property in her as her separate estate. The "intent" to make it her separate property, is a material factor in such a case, and while such intent may, and possibly must, be inferred where there is no other evidence than that showing the mere direction by

the husband, it may also be shown not to have existed by any
competent evidence. In the present case the evidence is held suf-
ficient to sustain the finding that the husband did not intend to
make a gift to his wife.

ID.—HUSBAND MAY TESTIFY AS TO INTENT.—In a controversy between a
husband and the personal representative of the wife, involving the
question of the legal effect of such a conveyance, the husband may
testify that he never intended to make a gift of the property or any
interest therein to his wife.

ID.—CONCLUSION OF WITNESS—IMMATERIAL QUESTION.—In such a con-
troversy, a question asked the husband, "Did you give the property
or any portion thereof to your wife?" is improper as calling for the
mere conclusion and opinion of the witness. Error in permitting
such question to be answered in the negative is rendered harmless,
in view of his other evidence that he never intended to make a gift.

'APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refusing
a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

.W. W. Sanderson, for Appellant.

Tobin & Tobin, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment in
favor of plaintiff, and from an order denying defendant's mo-
tion for a new trial in an action to quiet title.

The plaintiff and defendant's intestate, Margaret Fanning,
were husband and wife. They had been married many years
when they purchased the lot of land in San Francisco, an
undivided one half of which is in controversy here. They
had accumulated some property, the proceeds of the savings
from the salary of plaintiff as a police officer, and the profits
of a grocery store maintained by him which Margaret attended
to in his absence. A part of this property was the lot on
which was situate their home and grocery store. The re-
mainder was money deposited with the Hibernia Savings and
Loan Society in account with "John Fanning or Margaret Fan-
ning." All this was admittedly community property. The
lot, a portion of which is in controversy, was purchased from
a Mrs. Redington on August 11, 1892, for six thousand dollars,
three thousand of which was paid in cash. A note and mort-

gage were given by plaintiff and Margaret for the unpaid balance. The three thousand dollars paid in cash was taken from the moneys on deposit with the Hibernia Savings and Loan Society. Plaintiff and Margaret were named as the grantees in the deed from Mrs. Redington. This was done by the direction of plaintiff. He testified that he gave this instruction at the suggestion of his son, who had asked him, "Father, why don't you put this property in your name and mother's together. You know the other lot is in your name alone." He further testified: "Margaret knew nothing about her name being in the deed until she read it in the newspaper when she was greatly pleased." Plaintiff always had entire control and management of the property. He collected all the rents therefrom, using the same as a part of his general funds for the support of the family so far as necessary, and depositing the surplus to the credit of the account already referred to. Margaret died in the year 1904, at which time there was a balance in said account of twenty-six hundred dollars. Plaintiff testified: "I never intended to make a gift of the property or any interest therein to my wife."

Upon this evidence the trial court found that plaintiff never intended to make and never did make a gift to Margaret of any interest in said property, and that the whole thereof constituted community property of the husband and wife from the time of its purchase to the time of Margaret's death. Judgment was given therefore in favor of plaintiff, decreeing him to be the owner of all of said property.

If there is sufficient evidence to sustain the findings of the trial court in regard to the question of gift, the conclusion of the trial court as to the ownership of this property is undoubtedly correct. Admittedly the lot was purchased wholly with community funds, and all of it was community property unless an interest therein was given by the husband to the wife. If it was such community property at the time of Margaret's death, it all then belonged to the husband, without administration (Civ. Code, sec. 1401).

We do not see that we would be warranted in holding that the evidence is not sufficient to sustain the findings of the trial court on this material question.

The property having been acquired since the amendment of March 19, 1889, to section 164 of the Civil Code, it is true that

the presumption arising from the fact that plaintiff and Margaret were both named as the grantees in the deed was that Margaret took an undivided half thereof as her separate property. The amendment provided: "But whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property. And in case the conveyance be to such married woman and her husband . . . the presumption is that the married woman takes the part conveyed to her as tenant in common, unless a different intention is expressed in the instrument, and the presumption in this section mentioned is conclusive in favor of a purchaser or encumbrancer in good faith and for a valuable consideration." It being admitted that the property was purchased with community funds, it was necessary, in order to make any portion of it her separate property, that it should have been given to her by her husband. Such a gift will be presumed under this statutory provision where a gift is essential to the theory that the property is the separate property of the wife (see *Alferitz* v. *Arrivillaga,* 143 Cal. 646, [77 Pac. 657].) But the presumption so created is only a *prima facie one,* except in so far as purchasers and encumbrancers in good faith and for a valuable consideration are concerned. This is manifest from a reading of the statute (see, also, Code Civ. Proc., sec. 1961). Where the controversy is between the husband and the legal representative of the wife, the presumption "may be controverted by other evidence, direct or indirect," and it is only where it is not so controverted that the court or jury is bound to find according to the presumption (Code Civ. Proc., sec. 1961). Whether or not it is so controverted is a question of fact for the trial court, and the conclusion of that tribunal is conclusive upon an appellate court unless it be manifestly without sufficient support in the evidence.

It is clear that there can be no executed gift in the absence of any intention to give on the part of the donor. It is true that the facts and circumstances of a transaction may be such as to practically compel the conclusion that a gift was intended, and to render worthless any subsequent statement to the contrary on the part of the donor. But no such effect, we are satisfied, must necessarily be given to the mere fact that, in the case of the purchase of real property with community

funds, the husband has directed that the deed shall run to
the wife as grantee.   There is nothing in the nature of such
a fact that renders it consistent only with the theory of gift,
and other facts and circumstances may so tend to show another
reason than the desire and intent to make a gift as to furnish
ample warrant for a conclusion that no gift was intended,
and, therefore, that there has been no "executed gift."   The
case of *Hamilton* v. *Hubbard*, 134 Cal. 603, [65 Pac. 321, 66
Pac. 860], strongly relied on by defendant, cannot reasonably
be construed as holding contrary to this.   That case was de-
cided upon its own particular facts, which were, according to
the opinion, that the deed made by the vendor to the wife by
direction of the husband showed on its face that the considera-
tion for the purchase was the conveyance of another lot, and
that this lot so given in exchange was the separate property of
the husband.   According to the opinion, these were the only
facts shown material to the question of gift, and it was sub-
stantially held that standing alone and admitted they showed
a gift from the husband to the wife.   We may freely concede
for all the purposes of this case that where there is nothing
shown but the direction of a husband that a deed from the
vendor shall be made to the wife, even where the purchase is
made with community funds, a *prima facie* presumption exists,
regardless of the amendment to section 164 of the Civil Code,
that a gift to the wife was intended, and we do not construe
anything in the opinion of *Hamilton* v. *Hubbard,* as going fur-
ther than this. If it did, it would be opposed to the general cur-
rent of authority in this state.   The well-settled rule is, as stated
in *Nilson* v. *Sarment,* 153 Cal. 524, 530, [126 Am. St. Rep. 91,
96 Pac. 315], "where a husband purchases property with com-
munity funds, and directs the conveyance to be made to his
wife, *with the intent to make it her separate property,* the
deed will operate to vest the property in her as her separate
estate."   The "intent" to make it *hers,* her separate property,
is a material factor in such a case, and while such intent may,
and possibly must, be inferred where there is no other evidence
than that showing the mere direction by the husband, it may
also be shown not to have existed by any competent evidence.

In the case at bar there is, in our opinion, other evidence
that fairly and reasonably warrants an inference on the part
of the trial court to the effect that no gift was intended.   The

indirect evidence by which the presumption of separate property may be controverted may consist in part of inferences (Code Civ. Proc., sec. 1957), deductions "which the reason of the jury" (or trial judge) "makes from the facts proved" (Code Civ. Proc., sec. 1958). The sole reason for the giving of the direction and the joining of his wife as one of the grantees was the suggestion to plaintiff by his son that he should put the community property to be acquired in the husband and wife's name "together." Nothing was said by anybody indicating any idea of making any gift or changing the *status* of any property. The community funds from which the purchase was to be made were on deposit in a bank account to the credit of both husband and wife and it is not unreasonable to infer that the plaintiff attached no greater significance to the placing of the real property to be acquired in the name of both himself and wife than he did to the deposit of community funds to the credit of such an account. There was apparently no express understanding with his wife that she was to acquire or did acquire any interest in the property, other than such interest as a wife has in the community property. She knew nothing of the fact that she was named as a grantee until she read it in the newspaper. During the twelve years that elapsed from the conveyance to her death, the whole property was treated by the parties as community property. The plaintiff had the sole management and control thereof, collected all the rents and used the same as community property, and deposited all savings therefrom to the credit of the bank account already referred to. Plaintiff testified positively that he never intended to make a gift of the property or any interest therein to his wife. All this afforded sufficient legal basis, in our judgment, notwithstanding the presumption created by the fact that the wife was named as one of the grantees, for a conclusion on the part of the trial court that no gift was intended and that no gift was in fact made. We do not mean to say that a different conclusion on the part of the trial court would have been without sufficient support in the evidence, but simply that the conclusion arrived at is not without such support. Where different inferences may reasonably and properly be drawn from facts legally proved, the conclusion of the trial court thereon is binding on an appellate tribunal, and the question of the

weight to be given to the testimony of the plaintiff as to his actual intent was, under the circumstances appearing here, exclusively for the trial court.

There is nothing in the claim that the evidence of the plaintiff to the effect that he never intended to make a gift of the property or any interest therein to his wife was incompetent. It is well settled that, under our system, a witness may be examined as to the intent with which he did a certain act, where that intent is a material thing in the action. A jury or trial judge is not bound, of course, to believe the witness when he says he did not have a certain intent, and may find in the circumstances, actions, and language, an entirely different intent, but the testimony of the witness "is competent and relevant and not immaterial" (see *Walker* v. *Chanslor,* 153 Cal. 118, 125, [126 Am. St. Rep. 61, 94 Pac. 606]; *Barnhart* v. *Fulkerth,* 93 Cal. 497, 499, [29 Pac. 50]; *Kyle* v. *Craig,* 125 Cal. 107, 114, [57 Pac. 791]; *Bertelsen* v. *Bertelsen,* 7 Cal. App. 258, 261, [94 Pac. 80].) It is said by learned counsel for defendant that the admission of such evidence is in effect permitting a party to impair "an executed gift" by his own declaration "made after its consummation." Manifestly this is not so. The question to be determined was whether there was any "executed gift," and the intent of the alleged donor being a material factor in the determination of that question, his own evidence as to his intent was admissible under the rule already stated. This must be so unless a parol showing that the name of the wife was inserted in such a deed from a stranger by the husband's direction *conclusively* establishes such intent, which we think we have shown is not the rule.

The objection to the last question asked plaintiff as follows: "Did you give the property or any portion thereof to your wife?" should have been sustained. It called simply for the conclusion and opinion of the witness as to the effect of the facts already testified to by him. The witness answered that he never did. But we are satisfied that the error must be held harmless in view of his other competent testimony that he never intended to make a gift. The objectionable evidence practically added nothing additional and could not have affected the result.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.