[Civ. No. 949.    Second Appellate District.—May 21, 1912.]

# In the Matter of the Community Property of L. C. CARLIN and AURORA CARLIN.

PROCEEDING TO DETERMINE INTEREST OF HUSBAND IN COMMUNITY PROPERTY IN NAME OF DECEASED WIFE—CONTEST BY WIFE'S SISTER—QUESTION OF FACT—REVIEW UPON APPEAL.—In a proceeding taken by a surviving husband, under section 1723 of the Code of Civil Procedure, to determine his interest in community real estate held in the name of the deceased wife, and bought with community funds, in which his claim was contested by a sister of the deceased wife, as being her separate estate, in the interest of the heirs, and the court found and adjudged that the property was community property and was bought in the wife's name with community funds, and was not given by the husband to the wife, and adjudged that the entire property vested in the surviving husband, it is held upon appeal that whether or not the conveyance was a·gift to the wife was a question of fact to be determined by the trial court, upon the evidence, and its conclusion, if not manifestly without sufficient support, should not be disturbed upon appeal.

ID.—PRESUMPTION OF SEPARATE PROPERTY IN WIFE—RULE OF EVIDENCE—BURDEN OF PROOF SUSTAINED.—When property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property under section 164 of the Civil Code; but this is a mere rule of evidence fixing the *onus probandi* in cases where the question of ownership is in litigation. Neither the wife nor her representative is bound to prove that the conveyance was a gift; but it devolves upon the husband to overcome the presumption by showing that it was not a gift. It is held that such burden was sufficiently sustained by the evidence of the husband that it was the intention to provide a home for both and not to give her the property, which, in the absence of any inconsistent testimony, is sufficient to support the conclusion of the trial court.

ID.—POLICY OF LAW—PROVINCE OF LEGISLATURE.—The policy of permitting the presumption arising from a conveyance of real estate

purchased with community funds to a married woman to be over-thrown after the wife's death by evidence of an undisclosed intent on the part of the husband that it was not the subject of a gift, may well be questioned. It is the province of the legislature, how-ever, and not of the courts, to determine questions of policy.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial. James C. Rives, Judge.

The facts are stated in the opinion of the court.

H. A. Massey, and Fred Fette, for Appellants.

Julius Lyons, for Respondent.

SHAW, J.—On February 20, 1912, an opinion was filed herein reversing the judgment and order of the trial court. Thereafter an order was made granting a rehearing.

The proceeding was had and taken pursuant to the provisions of section 1723 of the Code of Civil Procedure to determine the interest of L. C. Carlin, as surviving husband of Aurora Carlin, deceased, in whom the legal title was vested, in a certain tract of land alleged by him to have been the community property of himself and his deceased wife. The claim was contested by a sister of Aurora Carlin (she having neither father, mother nor child surviving), who contended the property was the separate estate of deceased, in and to which the contestant and her brother and sister were entitled to a one-half interest. The court found that the land was the community estate of petitioner and Aurora Carlin, and by its decree adjudged the entire property vested in L. C. Carlin, the surviving husband of deceased.

From this decree, and an order denying contestant's motion for a new trial, she appeals, claiming the evidence is insufficient to justify the finding of the court.

The land was deeded to the wife, Aurora Carlin, by a third person and the consideration therefor paid from the community funds of husband and wife. Since either spouse may hold the legal title to community property, it follows that the land so acquired during coverture with community funds was, unless made the subject of a gift from L. C. Carlin to his wife, the community estate of the marital relation. As to

whether or not it was a gift was a question of fact to be determined by the trial court upon the evidence adduced at the trial, and its conclusion, unless manifestly without sufficient support, should not be disturbed by an appellate court. "Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." (Civ. Code, sec. 164.) "But this is a mere rule of evidence fixing the *onus probandi* in cases where the question of ownership is in litigation." (*Jackson* v. *Torrence*, 83 Cal. 521, [23 Pac. 695].) "Under such circumstances (as here disclosed), the wife is not required to prove that it was a gift, but it devolves upon the husband to overcome the presumption by showing that it was not a gift." (*Killian* v. *Killian*, 10 Cal. App. 316, [101 Pac. 807] ; *Alferitz* v. *Arrivillaga*, 143 Cal. 646, [77 Pac. 657].) "Where the controversy is between the husband and the legal representative of the (deceased) wife, the presumption may be controverted by other evidence, direct or indirect, and it is only where it is not so controverted that the court or jury is bound to find according to the presumption." (*Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308].) The question, therefore, presented is whether the act of L. C. Carlin in having the property deeded to his wife was accompanied by an intent to give it to her, for "to constitute a valid gift the delivery must be made with the intention of making a gift and passing title; a mere delivery of property without such intent passes no title." (14 Am. & Eng. Ency. of Law, p. 1020.) After showing that L. C. Carlin paid for the property out of community funds, he was asked "how the deed came to be made to" his wife, and in reply said: "I had it made out to her in order to secure a home for herself and myself. I did not intend to make it a gift to her. . . . My intention, why I had this made out to her, as I have stated, was simply in order that we were to have a home together, and if I should die, why she would not be troubled by any of my heirs. . . . I didn't want her to have any trouble about the matter. . . . I wanted her to have the property after I was gone." Another witness testified that Mrs. Carlin stated in her presence, "We [referring to herself and husband] are going to make improvements on our ranch," and that she frequently referred to the place as "our ranch," "our property," etc. This is substan-

tially all the evidence, and while it is meager, the fact that Carlin placed the title in his wife's name, believing that by so doing he was not only providing a home for his wife, but likewise *providing a home for himself*, is inconsistent with an intent on his part to strip himself of all interest in or right to the property. Moreover, as in the case of *Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308], he testified positively that in having the property deeded to his wife it was *not his intention to give it to her*. In the absence of evidence of the existence of any circumstances inconsistent with his testimony, received without objection and conceded to be competent, we are constrained to hold the conclusion of the trial court should not be disturbed.

The policy of permitting the presumption arising from a conveyance of real estate purchased with community funds to a married woman to be overthrown after the wife's death by evidence of an undisclosed intent on the part of the husband that it was not the subject of a gift may well be questioned. It is the province of the legislature, however, and not the courts, to determine questions of policy.

The judgment and order appealed from are, therefore, affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1912.