[Civ. No. 8004. First Appellate District, Division Two.—September 16, 1931.]

PAUL E. WILLIAMS, Respondent, v. E. P. BOSBY-SHELL CO. (a Corporation) et al., Appellants.

Raymond B. Wells for Appellants.

Carroll Allen for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain a judgment of declaratory relief. The defendants answered and the issues were tried before the court sitting without a jury. The trial court, made findings in favor of the plaintiff and from a judgment entered thereon the defendants have appealed and have brought up the judgment-roll.

The controversy between the parties arose over the proper interpretation of a written instrument which was in effect an assignment for the benefit of creditors. That document purported to be between the plaintiff as party of the first part and certain creditors. It purported to be signed by the plaintiff, the defendants, and the California Hardware Co., a corporation. The name of the latter corporation is printed among the signatures "California Hardware Co., a corporation, By ———." Whether that name was written at the end of the written instrument by that corporation or was typed for the purpose of further authentication the record does not disclose. The contract on its face recites that the defendants were creditors to the extent of about $38,000, the California Hardware Co. was a creditor in the further sum of nearly $6,800, and twenty-six other companies were creditors in the further sum of about $8,500. Among other things, the instrument provided: "It is the purpose and intent of this agreement that first party shall cause to be transferred and conveyed to second parties and to such of the other creditors herein mentioned as may desire to participate herein, all of the assets, except accounts receivable, of the said corporations

C. B. Williams & Sons Co. and Paul E. Williams y Cia and/or the capital stock of said corporations in consideration of a full release of the personal liability of himself and all other stockholders of said corporations from the aforesaid obligations of second parties and said participating creditors." In his complaint the plaintiff alleged: "That a dispute has arisen between plaintiff and defendants regarding said contract, as follows: Plaintiff claims that said agreement shall be construed that the defendants should be and are obligated to hold him free and clear of any liability on account of any of the claims mentioned in said agreement." In their answer the defendants alleged: ". . . that the paragraph of said agreement therein referred to is ambiguous and that the true purpose and intent of the parties to said trust agreement was that plaintiff should be released and discharged only from his then existing liabilities to the creditors who participated in said agreement, including his liabilities to the defendants herein". In the introduction to the findings there is a recital that oral and documentary evidence was introduced. As a conclusion of law the trial court found ". . . that the defendants herein and each of them be and they are required to release and discharge Paul E. Williams of all claims and liabilities on account of the indebtedness due to the following creditors of said C. B. Williams & Sons Co. and/or Paul E. Williams y Cia, said indebtedness being in the following amounts: (Here follows names of defendants and all other creditors hereinabove referred to) or that defendants pay any judgment that may be received by any of said creditors against plaintiff and/or Paul E. Williams y Cia and/or C. B. Williams & Sons Co."

Finding No. 3 is as follows: "That it was the intent of all of said parties to said agreement, and said agreement so provides, that said C. B. Williams & Sons Co. and Paul E. Williams y Cia were to be released of all claims and liabilities due, not only to the defendants herein, but to all other creditors whose names are set forth in said agreement, and it was the intent of all of said parties, and is so provided in said agreement, that said Paul E. Williams and said Paul E. Williams y Cia and said C. B. Williams & Sons Co. should be released from the obligations due, not only from them to the defendants in this action, but also to all the

other creditors referred to in said agreement. That it was the intent of all of said parties, and is so provided in said agreement, that the defendants should hold the plaintiff and said Paul E. Williams y Cia and said C. B. Williams & Sons Co., and each of them, free and clear of any liability due to any creditor mentioned in said agreement.'' ■ The defendants assert it is a conclusion of law and thereupon they make the further assertion that the conclusions of law and the judgment are not supported by the findings of fact. This argument fails of course by reason of the first assumption. This court is not able by an inspection of the judgment-roll to state that in the trial court a large amount of oral and documentary evidence was not tendered for the purpose of supporting said finding (*Fanning* v. *Green,* 156 Cal. 279 [104 Pac. 308]). In support of the judgment we must assume that such evidence was introduced and that said finding is a statement of the ultimate facts.

■ The second point made by the defendants is that the trial court erred in interpreting the intent of the parties to said agreement differently from the clear and explicit language of the parties thereto defining the purpose and intent of said agreement as contained therein. This point it will be observed is directly contrary to the allegations contained in the answer of the defendants. In that answer they stated that the contract was ambiguous. Now they state it is clear. We will not pause to ascertain which statement, if either, is correct. Picking up the written instrument by its four corners and reading and comparing one covenant with another and considering them altogether it is obvious that the trial court did not err in its interpretation.

■ In support of their last point the defendants assert that the trial court has substituted for the contract an obligation which in effect requires the other creditors to pay the full amount of the California Hardware Company's claim forthwith. Of course, there is not one word in the judgment to that effect. The payment of that claim was not specially before the court and the court made no specific finding on that subject.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.