[Civ. No. 10173. First Appellate District, Division Two.—May 27, 1936.]

ESTHER SMEDBERG, as Trustee in Bankruptcy, etc., Respondent, v. ARTHUR H. BEVILOCKWAY, Appellant.

Torregano & Stark and August B. Rothschild for Appellant.

Marvin Sherwin for Respondent.

STURTEVANT, J.—The defendant Arthur H. Bevilockway and Margaret Bevilockway are husband and wife and were at the times hereinafter mentioned. For some time prior to April 26, 1932, Margaret Bevilockway was the owner of a Buick automobile. She carried indemnity insurance issued by the Independence Indemnity Company. By the terms of the policy that company agreed to pay not to exceed $20,000 for injury to one person and not exceeding $40,000 for injury to two persons. While driving her automobile on the 26th day of April, 1932, Mrs. Bevilockway collided with a motorcycle on which H. A. Brooks was riding and he suffered certain personal injuries. On the 6th day of July, 1932, he commenced an action in the superior court to recover damages and thereafter, on the 25th day of January, 1933, a judgment was entered in favor of H. A. Brooks and against Margaret Bevilockway in the sum of $8,837.35. No part of that judgment has been paid. On the trial of that action Independence Indemnity Company came forward and conducted the trial for the insured but subsequent to the entry of the judgment the insurance company was declared a bankrupt and went into liquidation.

In December, 1932, Margaret Bevilockway, as a gift and without any consideration, transferred her automobile to the defendant, who in turn transferred it to the Howard Automobile Company, which gave him credit for it in the sum of $700 and sold to the defendant a new automobile.' When Mrs. Bevilockway transferred her car to her husband the two spouses owned a house and lot valued at $4,500 and which was mortgaged to the Equitable Life Insurance Company for $3,000. Mrs. Bevilockway was the owner of certain lots in San Mateo County of the value of $20. She was also the owner of certain personal property which was exempt and which she claimed to be exempt in the bankruptcy proceedings. The evidence discloses that the claim against the insurance company had been presented but the record does not disclose what value, if any, it had. The record does not disclose that any sum whatsoever was due or owing by Mrs. Bevilockway at the time she transferred her automobile excepting the claim of H. A. Brooks as hereinabove set forth.

On June 8, 1933, Margaret Bevilockway filed a voluntary petition in bankruptcy and later was declared a bankrupt and still later this plaintiff was appointed trustee in bankruptcy and commenced this action to recover $700 alleged to be the value of the automobile so given to her husband. In the plaintiff's complaint, it was alleged that "Margaret Bevilockway by reason of said transfer became and ever since has been insolvent and without any assets with which to pay said judgment or any part thereof". On the trial the court made findings in favor of the plaintiff and against the defendant. The defendant has appealed and at this time he claims there was no evidence to support the finding on the allegation just quoted.

The defendant quotes section 3450 of the Civil Code which provides as . follows: "A debtor is insolvent, within the meaning of this title, when he is unable to pay his debts from his own means, as they become due." He then asserts that "A debt is but one type of obligation or liability. It is distinguished from other types of obligations in that it arises out of a *contract*. To constitute a debt it is not necessary that the amount be determined but the amount must be determinable without intervention of a court or jury. An obligation arising out of tort on the contrary cannot be fixed in amount except by action of a court or jury." The de-

fendant cites several authorities and he could cite others that the word "debt" as it occurs in some statutes has the meaning for which he contends, however, it will not be disputed that the word "debt" has different meanings in different statutes. The instant case rests on the provisions of title I, part II, division 4, of the Civil Code, sections 3429 to 3433, inclusive. Section 3429 provides: "A debtor, within the meaning of this title, is one who, by reason of an existing obligation, is or may become liable to pay money to another, whether such liability is certain or contingent." Section 3430 provides: "A creditor, within the meaning of this title, is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money." Section 1427 of the Civil Code provides: "An obligation is a legal duty, by which a person is bound to do or not to do a certain thing." Section 1428 provides: "An obligation arises either from: (1) The contract of the parties; or (2) The operation of law. An obligation arising from operation of law may be enforced in the manner provided by law, or by civil action or proceeding." Section 1708 of the Civil Code provides: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights." An examination of the facts above recited discloses that Mrs. Bevilockway was under the obligation not to injure H. A. Brooks, that she was charged with the violation of said obligation, that the charge ripened into a judgment and that from the date of the accident until the date she filed her petition in bankruptcy the burdens of that obligation continued. It further appears that the said burden is designated by our statute as an "obligation" and that the same designation is continued through the several provisions of the Civil Code including title I under which the instant case is being maintained. Under these circumstances we think that the word "debt", as used in section 3450 of the Civil Code, has a broader meaning than as claimed by the defendant.

In *Melvin* v. *State,* 121 Cal. 16 [53 Pac. 416], the court considered the meaning of the word "debt" as used in various statutes and particularly as used in title I, part II, division 4, of the Civil Code. The court then said: "In all these provisions we think it is plain that the construction to be put on the statute is, not that the spouses were simply to enjoy im-

munity from such contracts for sums of money due by certain and express agreement, which fixed the amount due, independent of extrinsic circumstances—from such contracts as would have supported an action of debt at common law—but rather that the word 'debt' is to be used in its modern legal significance as including any sort of obligation to pay money, and that it signifies what either of the spouses owes." In *Chalmers* v. *Sheehy,* 132 Cal. 459, at page 465 [64 Pac. 709, 711, 84 Am. St. Rep. 62], the court said: "Mr. Freeman says 'that one having a claim for a tort is a creditor before the commencement of an action thereon, as well as after, and, as such creditor, is upon recovering judgment, entitled to avoid a fraudulent transfer antedating the commencement of his action' . . . The principle has been applied to other forms of torts or causes of action arising *ex delicto,* and it is held that the injured party becomes a creditor when the cause of action accrues." ▮ In the light of the foregoing authorities the finding attacked was supported by the evidence.

▮ The defendant complains because the trial court allowed interest on the $700 from the time it was credited to the defendant. We find no merit in the contention. The point has been directly adjudicated. (*Wright* v. *Salzberger,* 121 Cal. App. 639, 646 [9 Pac. (2d) 860].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.