STATE BOARD OF TAX APPEALS.

CITY OF NEWARK, PETITIONER, v. ESTATE OF CARL G. LEHMAN, RESPONDENT.

Decided July 23, 1940.

For the petitioner, *James F. X. O'Brien* (by *Vincent J. Casale*).

For the respondent, *Lum, Tamblyn & Fairlie* (by *John M. Leavens*).

QUINN, President. The parties have entered into a stipulation of the following facts upon this appeal. Carl G. Lehman died on September 23d, 1936, testate, a resident of Newark, bequeathing two legacies of $5,000 each to residents of New Jersey. These were paid in full by the executors in

1938 with interest computed from September 23d, 1937, when they matured (*Comp. Stat.* 1910, *p.* 3087, § 1; *R. S.* 3:26-1; *N. J. S. A.* 3:26-1), to the date of payment. As of October 1st, 1937, the assessing date for taxation for the year 1938, the assets of the estate consisted of cash of $18,727.76 and securities of $64,487.20, or a total of $83,214.96. A claim was filed by the estate with the assessors of the taxing district for deduction of exempt securities, amounting to $62,180.95, and for debts in the sum of $25,375. The city thereupon levied a personal property assessment against the estate in the amount of $21,000. An appeal to the Essex County Board of Taxation resulted in a reduction of the assessment to the sum of $7,500, and upon this appeal the petitioner seeks to restore the original assessment.

It was conceded by the respondent at the hearing that of its claimed deductions for debts, it was not lawfully entitled to any part thereof other than the $10,000 in matured legacies hereinabove referred to, while the taxing district conceded the allowability of the exemption claimed for securities. The narrow issue between the parties, therefore, is as to whether the amount of the legacies in question was properly deductible, under *Pamph. L.* 1918, *ch.* 236 (*R. S.* 54:4-14; *N. J. S. A.* 54:4-14) from the taxable personal estate. The statute directs a deduction of "all debts *bona fide* due and owing * * * to creditors residing in the state." Petitioner maintains that the obligation of the executors of the estate to make payment of the legacies did not constitute a "debt," within the intent of the deduction statute.

As of September 23d, 1937 (and, perforce, on October 1st, 1937), the legatees were entitled to maintain an action of debt against the executors for the recovery of their legacies, there being sufficient assets in the estate therefor, under *Comp. Stat.* 1910, *p.* 3087, § 1 (*R. S.* 3:26-25; *N. J. S. A.* 3:26-25). In *Passaic National Bank* v. *Eelman* (*Supreme Court,* 1936), 116 *N. J. L.* 279; 183 *Atl. Rep.* 677, the court said, in construing the term "debt," as employed in the Execution act (at *p.* 281):

"The ordinary legal sense of the term 'debt' is an obligation for the payment of money founded upon a contract, express

or implied. *Turner* v. *Cole,* 118 *N. J. Eq.* 497. Its technical meaning at common law was 'a sum of money due by certain and express agreement'—that for which an action of debt or *indebitatus assumpsit* would lie. 3 *Bl. Com.* 154; *Flanagan* v. *Camden Mutual Insurance Co.,* 25 *N. J. L.* 506. But it is also used in the larger sense of that which one person is bound to pay to another under any form of obligation. *New Jersey Insurance Co.* v. *Meeker,* 37 *Id.* 282, 300. This is its general significance. *Webster's New International Dictionary* (2d ed.). See, also, 17 *C. J.* 1371. It is a word of large import; in its popular signification, it includes all that is due to a person 'under any form of obligation or compromise.' *Gray* v. *Bennett,* 3 *Metc.* 522, 526.

"In the main, the distinguishing characteristic of such an obligation is that it is for a sum certain, or a sum readily reducible to a certainty. *Flanagan* v. *Camden Mutual Insurance Co., supra.* It is an obligation to pay a sum certain, or a sum which may be ascertained by a simple mathematical calculation from known facts, regardless of whether the liability arises from contract or is implied or imposed by law. *Stockwell* v. *United States,* 13 *Wall.* 531; 20 *L. Ed.* 491; *Indian Refining Co.* v. *Taylor,* 195 *Ind.* 223; 143 *N. E. Rep.* 682, 689; *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.,* 216 *Mass.* 118; 103 *N. E. Rep.* 469; *State* v. *Latham,* 136 *Tenn.* 30; 188 *S. W. Rep.* 534; 18 *C. J.* 3, 4, 6. Whatever the law enjoins one to pay takes the legal classification of a debt. 3 *Bl. Com.* 158."

In the same case the court further pointed out (at *p.* 282). that in construing the use of a term by the legislature—

"The intent of the lawmaker is to be collected from a general view of the whole clause, bearing in mind the occasion and necessity of the law, the mischief felt and the remedy in view,  *  *  *."

The obvious purpose of the tax deduction statute is to avoid the double taxation which results if a chose in action is subjected to taxation in the hands of the obligee, without deduction therefor being made available to the obligor or debtor. The legatees involved in the present case were assessable for the claims they held upon the assessing date, against

the estate, in their true value, as "credits," under *R. S.* 54:4-12 (*N. J. S. A.* 54:4-12). There is therefore no sound reason why the obligation of the estate to make payment thereof should not be construed as a deductible debt. The situation presented in this case is to be distinguished from that involved in the recent decision of *Zoller* v. *State Board of Tax Appeals* (*Supreme Court,* 1940), 124 *N. J. L.* 376; 11 *Atl. Rep.* (*2d*) 833, where it was held that the executrix of an estate, who was likewise sole beneficiary under the will, was assessable for the amount of the estate as executrix, and not individually, where no order of distribution had been obtained and the one-year period within which to pay legacies had not expired, as of the assessing date. There was no holding or suggestion that a claim for deduction of any type of debt to a New Jersey resident, upon proper claim filed, is any less available to an estate-taxpayer than to an individual.

The deduction for debt in the amount of $10,000 will be allowed. Deducting this amount, together with the figure for exempt securities, in the sum of $62,180.95, from the conceded total assets in the estate of $83,214.96, leaves a taxable balance of $11,034.01. The judgment of the Essex County Board will be reversed and the assessment ordered fixed at $11,034.01.

Judgment accordingly.