[Civ. No. 6453. Third Appellate District.—March 26, 1941.]

M. T. THOME et al., Plaintiffs and Appellants, v. HONCUT DREDGING COMPANY (a Corporation) et al., Respondents; J. A. BORBA et al., Interveners and Appellants.

Charles A. Wetmore, Jr., Treadwell & Laughlin, John Langer and A. Thatcher Cook for Appellants.

J. Oscar Goldstein, Burton J. Goldstein, George R. Freeman, Rich & Weis, Richard H. Fuidge, Seth Millington, J. F. Good and Hubert I. Townsend for Respondents.

THOMPSON, J.—The plaintiffs and interveners, who own land riparian to Honcut Creek in Yuba County, have appealed from a judgment enjoining the defendants from polluting the waters of that creek and its upper tributary streams, by depositing therein mining slickens or debris in such quantity as will substantially damage the properties of the appellants. The injunction against three of the defendants, namely, Wyandotte Dredging Company, E. A. Kent, Incorporated, and H. F. England was denied on the ground that they ceased mining operations in 1936, and have not subsequently threatened to resume those enterprises. Monetary damages were denied for the reason that it is impossible to determine the amount of damages which were inflicted by any particular defendant.

The appellants contend they are entitled to an absolute injunction perpetually restraining each defendant from depositing in the creek any mining slickens or debris whatever, and that the limitation of the judgment to the depositing of refuse which "will result in *substantial injury*" only, to the property of the appellants, is erroneous and unlawful.

.Honcut Creek originates in the foothills of northern Yuba County and flows southwesterly into the Feather River. There are several branches of this creek. For many years gold dredging and mining enterprises have been conducted

along these creeks. The plaintiffs, who own land adjacent to these creeks, upon which they operate farming and stock-raising businesses, filed this suit against the defendants for injunction which is couched in sixteen separate causes of action, seeking damages and an order restraining the polluting of the streams by dumping therein the slickens, tailings or debris from upper mining enterprises so as to contaminate the water and render it unfit for domestic or irrigation purposes. By leave of court a complaint in intervention was filed by three other plaintiffs based upon substantially the same facts alleged in the original complaint. The defendants answered these complaints, denying the material allegations thereof. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the plaintiffs, except that it was determined three of the defendants, namely, Wyandotte Dredging Company, E. A. Kent, Incorporated, and H. F. England, abandoned their mining enterprises in 1936, since which time they did not contribute to the pollution of those streams and do not threaten to renew their enterprises. Monetary damages were denied for the reason that it is impossible to estimate the amount of damages contributed by any separate defendant.

The court found that during the rainy seasons of the year, during which the mining enterprises were conducted, the waters of Honcut Creek and its tributaries were impregnated with large quantities of earth and debris resulting from flood conditions and natural erosion of the soil adjacent thereto, but that the dredging and mining operations of the defendants have contributed to the pollution of the streams by dumping and washing therein quantities of slickens, tailings, dirt and debris, as a result of which the plaintiffs and interveners have suffered "some substantial damage". The court specifically found that by reason of the combined natural erosion and the mining operations of the defendants the water of the streams became "muddy and unclean during a portion of the year", but that it was not thereby rendered unfit for irrigation purposes nor did it become deleterious to fish inhabiting the streams. Judgment was thereupon rendered, denying monetary damages to the lower property owners for the reason above stated, and refusing to enjoin the conduct of the three defendants who have abandoned their mining enterprises, but restraining "forever" all the

other defendants, their representatives, agents and servants "from *materially* polluting, muddying or rendering unclean the waters of Honcut Creek or any of the branches or tributaries thereof *to the extent that substantial injury or damage will be caused* to the above-mentioned plaintiffs or any of them, and/or from depositing *such material amount* of mining slickens on said land or in the channel or bed or banks of said Honcut Creek [or the tributaries thereof], as results, or which will result in substantial injury or damage to the lands of plaintiffs and interveners or any of them by or through the use or operation of said dredgers."

We are of the opinion the injunction which issued in this proceeding is as broad and complete a remedy as the appellants are entitled to under the law. Clearly, it restrains the defendants from depositing in Honcut Creek or any of its tributaries, or on the land adjacent thereto, any "material amount of mining slickens" which will result in "substantial injury or damage" to plaintiffs' property. In construing that language, we may assume the defendants are prohibited from dumping or depositing in the creeks or upon the land adjacent thereto any mining slickens, tailings, dirt or debris which would result in substantially polluting the waters of the streams to any extent which would materially injure or damage the properties of any of the plaintiffs or cross-complainants. The court properly refrained from enjoining the defendants from dumping slickens upon their own properties at points so remote from the streams as to be harmless, or in quantities so insignificantly small that the waters would not be polluted to any appreciable extent. An injunction couched in such broad terms might result in unnecessarily restricting or destroying valuable industries. It is conceivable the mines may continue to operate in such a manner that the waters of the creeks will not be polluted at all. The plaintiffs may complain only if the waters are polluted to such an extent that some substantial injury or damage is inflicted. To that extent they are amply protected by the judgment.

At least some of the defendants concede that the injunction is already so stringent and broad as to absolutely preclude a continuation of their mining enterprises. In their reply brief the Consuelo Mines, Incorporated, and another defendant say in that regard: "The fact of the matter is,

that respondents cannot possibly operate their drag line drcdgers even under the language as it stands." Those defendants, therefore, consent to the modification of the judgment in that regard in any manner this court may desire. We think, however, the plaintiffs are fully protected and that no modification of the judgment is necessary or proper. (*Thompson* v. *Kraft Cheese Co. of California,* 210 Cal. 171 [291 Pac. 204].)

In the case last cited a decree for injunction was modified on appeal on the ground that it was "too broad in its provision" for the reason that it restrained the defendant from "discharging or permitting to escape *any dirty water, sour milk, slops, refuse, offal",* etc., into the waters of a creek, or upon the land adjacent thereto, or in cesspools which might seep into the creek. The court said in that regard:

"The injunction is too broad in its provision restraining them from discharging or permitting to escape 'any dirty water, sour milk, slops, refuse, offal or other liquid or semi-liquid matter.' *The vice of this provision is that it ignores the question of actual injury, and is framed so as to cover the slightest discharge,* whether it causes any substantial pollution of the stream or not. It should have been limited to prohibiting such discharge as would cause *substantial injury* to the party seeking relief."

The decree in the present case has avoided the very vice which was criticized and corrected on appeal in the Thompson case. The defendants are properly enjoined from depositing any "material" amount of slickens in or adjacent to the stream. The court might have properly omitted the word "substantial" with reference to the injury or damage resulting from the prohibited acts, but we think that is immaterial and that the plaintiffs and cross-complainants are amply protected with or without that modifying word.

■ The court did not err in refusing to enjoin the defendants Wyandotte Gold Dredging Company, E. A. Kent, Incorporated, and H. F. England from polluting the stream. The court specifically found that these three defendants have neither operated their mining enterprises nor threatened to do so since 1936. That finding is amply supported by the evidence. There is no absolute right to injunctive relief. ■ An injunction should issue for wrongful acts which have been completely performed, when it appears they are likely to be

repeated or continued. (*Boggs* v. *North American B. & M. Co.*, 6 Cal. (2d) 523 [58 Pac. (2d) 918]; 14 Cal. Jur. 209, sec. 24; 32 C. J. 45, sec. 24.) When the act complained of has been fully performed, the injured party is ordinarily compelled to seek redress in a suit for damages. To authorize the issuing of an injunction it should appear with reasonable certainty that the wrongful acts will be continued or repeated. In the text of 32 C. J., at page 46, it is said in that regard: ''Where there is no showing that such action is being continued or repeated, or that defendant is threatening or intending to repeat the injury'', the injunction should be denied. Since the three defendants last mentioned have not conducted their mining enterprises for several months, and there is no evidence to indicate they intend to continue to pollute the stream in the manner charged, the court, in the exercise of a sound discretion, was warranted in refusing to apply the injunction against them.

The denial of an award of monetary damages against the defendants for polluting the water of Honcut Creek was properly refused. We are directed to no evidence of proof of the amount of monetary damages suffered by any particular plaintiff or to the amount of damages resulting from the separate acts of any particular defendant. The defendants were not joint tort-feasors. Each conducted separate mining enterprises. They were not cooperating in the maintenance of their businesses. They are, therefore, not jointly liable for monetary damages sustained as a result of their separate pollution of the stream. It is an established rule of law that when one wrongfully pollutes a stream by conducting thereon a mining enterprise, he is responsible only for the actual damages resulting from his own acts and conduct. He may not be charged with damages resulting from the wrongful conduct of other persons who also pollute the stream independently of his acts. Under such circumstances it is almost impossible to determine the amount of damages for which each defendant would become liable. (*Keyes* v. *Little York Gold Washing & Water Co.*, 53 Cal. 724, 730; *Little Schuylkill Nav. etc. Co.* v. *Richards*, 57 Pa. St. 142 [98 Am. Dec. 209]; 1 Sutherland on Damages, 3d ed., 366, sec. 141; 39 A. L. R. 908, note; 25 Cal. L. Rev. 436.)

The judgment is affirmed.

Pullen, P. J., and Tuttle, J., concurred.