[Civ. No. 19516.   First Dist., Div. Two.   Apr. 18, 1961.]

RUTH ALVAREZ, Appellant, v. EDEN TOWNSHIP
HOSPITAL DISTRICT et al., Respondents.

Robert R. Elledge and Harry Gonick for Appellant.

J. W. Moroney for Respondents.

SHOEMAKER, J.—Plaintiff brought this action for an injunction to restrain defendant Eden Township Hospital District from denying her admission to Eden Hospital as a patient of Dr. Ben Rosner, and from denying said doctor access to the hospital to attend her. Based on her complaint, plaintiff obtained an order to show cause why a preliminary injunction should not be issued pending the trial of the action and at the hearing thereon it was established that Dr. Rosner is a licensed physician and surgeon of the State of California, and admittedly is competent in the technical or scientific sense by virtue of his education, training and experience as a general surgeon. The doctor is no stranger to litigation of this character, for in 1958 the medical staff of the defendant hospital rejected his application for membership thereon, and on December 1, 1959, he renewed his application on which a public hearing was held by the defendant hospital's board of directors, who, on March 2, 1960, denied the application on the ground that the doctor was "temperamentally unsuitable for hospital practice." On March 24,

1960, the board vacated its previous finding of fact and adopted other findings, one of which set forth that "Ben Rosner, M. D. is not competent in his field by reason of temperamental unsuitability for hospital staff practice, . . . that Ben Rosner, M. D.'s reputation among his colleagues is not good, and that he is hence not worthy in character," and reaffirmed its previous decision which denied him membership on the medical staff.

Defendant hospital is a public hospital and, acting under section 32125 of the Health and Safety Code, adopted by-laws and rules and regulations to govern its operation. Those pertinent to our consideration provide (1) "[p]atients in the hospital may only be attended or treated by members of the Medical Staff." (Preamble to the by-laws) ; (2) ". . . Before any major operation is started and during such procedure, there must be present in the operating room, in addition to the surgeon, another man fully qualified to carry on the work." (Rule 19.)

Plaintiff became ill in March of 1960. Her illness, while claimed to be urgent and immediate major surgery indicated, did not involve an emergency. She applied for admission to defendant hospital as a patient of Dr. Rosner on April 5 and April 18, 1960, and on each occasion was advised that she could be admitted to the hospital, but that Dr. Rosner could not be her attending physician, inasmuch as practice in the hospital was limited to members of the medical staff. Plaintiff insisted that she needed an operation, that she wanted Dr. Rosner to perform it as she had faith in no other doctor, and that the defendant hospital as a public institution had no right to exclude her and her desired surgeon. In view of this attitude, the defendant hospital refused admission and after the foregoing hearing the trial court entered its judgment denying the preliminary injunction, and ordering judgment for defendants, from which judgment plaintiff now appeals.

We are dealing here with an application for a mandatory preliminary injunction. Under such circumstances the scope of review is an extremely limited one. In order to prevail appellant must show more than mere error on the part of the trial court. It is appellant's burden to show that the facts so indisputably established her right to a preliminary injunction that the trial court was guilty of an actual abuse of discretion in failing to grant this relief pending the

trial on the merits. None of the evidence adduced or the arguments raised by appellant show such an abuse of discretion on the part of the trial court.

The rule is well established that a mandatory preliminary injunction is rarely granted (1 Witkin, California Procedure, § 27, p. 869, and the authorities therein cited), and it has been held that a very urgent case is required to justify a mandatory preliminary injunction and that a clear case of prospective injury is indispensable. (*Gardner* v. *Stroever* (1889), 81 Cal. 148 [22 P. 483, 6 L.R.A. 90].) In *Lagunitas W. Co.* v. *Marin County W. Co.* (1912), 163 Cal. 332 [125 P. 351], the court affirmed an order denying an application for an injunction pendente lite. The court there stated:

''[A] preliminary injunction is not a matter of right. It is addressed to the discretion of the court. In denying it the court does not necessarily determine anything as to the merits of the main controversy. It may conclude that from the evidence produced on the application for a preliminary injunction it does not appear that pending a trial any possible injury can result to the plaintiff, and may decline to grant an injunction until after the trial of the cause'' (pp. 336-337). (See also *Miller & Lux* v. *Madera Canal etc. Co.* (1909), 155 Cal. 59 [99 P. 502, 22 L.R.A. N.S. 391].)

The facts are without dispute that appellant did not face an emergency and that should such occur before trial on the merits, there were a large number of qualified surgeons with hospital privileges in the immediate area readily available. It cannot be questioned but that the granting of such an injunction would in effect vacate the decision of the governing board of the hospital as to Dr. Rosner, and set aside the rule that a staff member must be present to assist in the surgery. As to the latter statement, it was developed upon the hearing that Dr. Rosner had contacted more than 110 surgeons who were members of the defendant hospital's medical staff, but was unable to obtain from any of them a commitment in writing to the effect that said doctor would assist Dr. Rosner in appellant's surgery.

In considering an application for such an injunction, a trial court is entitled to balance the respective equities of the parties in arriving at its decision. In our view, both on the law and the facts, the trial court did not abuse its discretion in denying appellant a mandatory preliminary injunction.

Appellant urges that the trial court committed several prejudicial errors during the course of the hearing. None of the errors alleged constitute any ground for holding that the trial court abused its discretion in arriving at its conclusion. The first claim of error has to do with admission into evidence of the affidavit of Daniel Black, M.D. ▮ Under the Code of Civil Procedure, section 527, affidavits are proper in a proceeding for the granting of a preliminary injunction. ▮ Further, appellant made no objection whatever to the affidavit in question, such failure waiving any right thereafter to object. The second assignment of error refers to the interrogation of Dr. Rosner by the trial judge concerning his activities in refusing to comply with a previous court order involving a different patient at a different hospital, and appellant contends that the trial court committed prejudicial error in considering it, since the records in the prior action were not in evidence. However, the trial court made 27 findings of fact as the basis for its decision and in none of them do we find any reference or statement that can be considered connected with such previous court action. We therefore conclude that the trial court gave no consideration to the prior action in arriving at its conclusion.

No other assignment of error demands discussion.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.