[Civ. No. 23297.   First Dist., Div. Three.   Jan. 17, 1967.]

PAUL FRETZ et al., Plaintiffs and Appellants, v. JACK P. BURKE et al., Defendants and Appellants.

Edward K. Allison and Moroney, Prior & Lanam for Plaintiffs and Appellants.

Arthur J. Lempert for Defendants and Appellants.

DEVINE, J.*—Plaintiffs obtained a preliminary injunction requiring defendants Jack P. Burke and The Fundamental Oil Corporation to pay their respective shares of profits of Mountain View Oil Company, a corporation, and defendants appeal; but $5,000 of the total amount was ordered retained in trust for plaintiffs, and this part of the order is appealed by plaintiffs.

The facts are before us in a settled statement. Plaintiffs are limited partners and defendant Burke is the sole general partner of Mountain View Oil Company. The company is operated by The Fundamental Oil Corporation under a management contract. This corporation is wholly owned by Burke.[1] Plaintiffs seek dissolution of the partnership, alleging acts of breach of fiduciary relationship by Burke. They ask that Fundamental be enjoined from operating Mountain View, they demand damages, and they pray for other relief.

In their answer, Burke and Fundamental allege that the present action was part of a scheme of harassment to force Burke to purchase plaintiffs' interests; that the partnership is operating at a handsome profit and that a sale of it or its assets would be exceedingly detrimental to the interests of all concerned; that the demand for a sale of the assets is designed to diminish and perhaps extinguish the profits realizable by the general partner; and that all charges for operator's services have been reasonable and fair.

On October 26, 1964, after being served with the summons and complaint, Burke sent a letter to each of the plaintiffs, stating that the sums otherwise distributable to them out of partnership profits would henceforth be held in a "suspense account" pending the outcome of the action filed by plaintiffs. Defendant contends that the fund should be maintained as an offset to possible costs and expenses of litigation with which plaintiffs may be charged. Since October 1964, Burke or Fundamental has made distributions of profits to all partners except the plaintiffs. The total sum distributable each month was $5,000. The portion otherwise distributable to plaintiffs has been held in the suspense account. It is well in excess of $35,000.

The superior court, on motion of plaintiffs, ordered: (1)

---

*Assigned by the Chairman of the Judicial Council.

[1]Throughout this opinion reference is made to "defendant" in the singular, because defendants other than Burke are but nominal. The words "plaintiffs" and "defendant" are used rather than the terms "appellants" and "respondents" because both parties have appealed.

that defendant pay plaintiffs their respective shares of profits of Mountain View, except \$5,000; (2) that Burke deposit \$5,000 in a trust account with plaintiffs as beneficiaries, to be held until final judgment in this action; and (3) that defendant pay plaintiffs their proportionate shares of all future profits of Mountain View. Defendant appeals from the order in its entirety. Plaintiffs appeal from the order to the extent that it requires the holding of \$5,000 in trust.

## General Principles

General principles of law which apply to the granting of a preliminary injunction, or its denial (it was herein denied in part) are: (1) The act of the trial court is discretionary and will be disturbed on appeal only if abuse of discretion is shown. (*Kendall* v. *Foulks,* 180 Cal. 171 [179 P. 886]; *Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal.App.2d 499, 510 [199 P.2d 400]; *Hidden Harbor, Inc.* v. *American Federation of Musicians,* 134 Cal.App.2d 399, 402-403 [285 P.2d 691].) (2) In this matter, wherein equities must be delicately balanced, each case is to be judged on its own peculiar facts. (*Elsis* v. *Evans,* 157 Cal.App.2d 399, 408 [321 P.2d 514]; *Phillips* v. *Isham,* 111 Cal.App.2d 537, 539 [244 P.2d 716].) (3) Preliminary injunction may be proper in partnership dissolution proceedings. (*Kendall* v. *Foulks, supra,* p. 174.)

## Defendant's Appeal

We give, one by one, the points made by defendant as appellant, and our conclusions:

1. Defendant argues that an injunction is to be granted only to direct or to prevent *future* acts or omissions, not to undo what has been done because this is the function of other actions, such as one for damages. It is true that the office of injunction is preventive rather than remedial. (*People* v. *Paramount Citrus Assn.,* 147 Cal.App.2d 399 [305 P.2d 135]; *Allen* v. *Hotel & Restaurant etc. Alliance,* 97 Cal. App.2d 343, 347 [217 P.2d 699]; *Vincent Petroleum Corp.* v. *Culver City,* 43 Cal.App.2d 511, 515 [111 P.2d 433]; 43 C.J.S., § 22, pp. 443-444.) But an injunction may be granted as to past acts if there is evidence that they will probably recur. (*Rosicrucian Fellowship* v. *Rosicrucian etc. Church,* 39 Cal.2d 121 [245 P.2d 481]; *Mallon* v. *City of Long Beach,* 164 Cal.App.2d 178, 190 [330 P.2d 423]; *Thorne* v. *Honcut Dredging Co.,* 43 Cal.App.2d 737, 742 [111 P.2d 368].) Defendant plainly expects to continue withholding. Besides, defendant had not completed a wrongful act, such as seizing the funds

himself. He had placed them in a suspense account until determination of the lawsuit. The injunction simply directs that the part which belongs to plaintiffs shall be paid to them now, and shall not be held by defendant in suspense.

■ A limited partner is entitled to receive a share of the profits. (Corp. Code, § 15510, subd. (2).) That there were profits, disbursable, is shown by the fact that defendant paid himself his share, as well as the nonsuing partners theirs. We know of no law or principle which allows a managing partner to withhold the periodic share of profits from partners who seek accounting while making disbursements to himself and to nonsuing partners. ■ Since the court was enjoining defendant to pay future instalments of profits, the court could well act as it did in ordering disbursed to the owners the simple transfer of funds theretofore placed in suspense by unilateral act of defendant. Equity delights to do justice, and that not by halves. (30 C.J.S., § 104, p. 1069.)

■ 2. Defendant argues that injunction will not lie to compel the payment of money. He argues that refusal to obey would produce contempt proceedings and possibly lead to imprisonment for debt, which is forbidden. (Cal. Const., art. I, § 15.) But the court did not order defendant to pay anything from his own resources. The court neither created nor enforced a personal debt of defendant. The case is completely different from that cited by defendant, *McCollum* v. *McCollum* (1934, Tex. Civ. App.) 67 S.W.2d 1055, wherein the trial court had rendered a money judgment against certain partners for a salary for one partner, and the injunction was reversed because it gave a money judgment which must be paid under the penalty of contempt. The court here directed only that defendant pay plaintiffs in the manner he pays to others when profits are distributed. The court directed *how* payments are to be made when it has been decided *that* they are disbursable. If contempt proceedings were to follow, imprisonment would not be for debt but for noncompliance with an order as to the manner of payment of amounts demonstrably due because of the payment to others in the same class.

■ 3. Defendant argues that need was not shown for the preliminary injunction, and that a mandatory injunction requires a very strong showing, much more than does a prohibitory injunction, a showing, in fact, of irreparable injury. No proof has been offered, says defendant, that the funds are

about to be dissipated or that defendant will be unable to disburse whatever amount an accounting may show to be due to plaintiffs. Defendant cites cases in which it is said that irreparable injury is a requisite to issuance of a mandatory preliminary injunction: *Hagen* v. *Beth,* 118 Cal. 330 [50 P. 425] (signs ordered removed); *Bo Kay Chan* v. *Gerdon Land Co.,* 103 Cal.App.2d 724 [230 P.2d 1] (light well ordered restored); *Allen* v. *Hotel & Restaurant etc. Alliance,* 97 Cal. App.2d 343 [217 P.2d 699] (restoration to employment eligibility list directed). But in all of these in which the appellate court reversed the order granting the injunction, the plaintiff had obtained by the order the complete relief which he had sought in the action itself. The injunction did not tend to maintain the status quo but to coerce the defendant into performing an act in advance of trial which upon trial might not have been decreed. In the case before us, the order granting the preliminary injunction does not decide in whole or in part the merits of the controversy. It merely prevents defendant from putting funds which belong to plaintiffs into a suspense account, purportedly as security for possible costs, a security which the law does not allow him. The relief obtained by plaintiffs by the injunction is collateral to the relief which they seek by the action itself. We regard the order granting the injunction as preserving the status quo, namely, the procedure of disbursing profits as it had existed before commencement of the action. The status quo does not necessarily refer to inaction. It may encompass the continuing of regular and usual procedures.

█ The term ''irreparable injury'' as applied to the granting of an injunction has been defined as ''that species of damages, whether great or small, that ought not to be submitted to on the one hand or inflicted on the other.'' (*Anderson* v. *Souza,* 38 Cal.2d 825, 834 [243 P.2d 497]; *Wind* v. *Herbert,* 186 Cal.App.2d 276, 285 [8 Cal.Rptr. 817].) Defendant finds fault with this definition in that every injury is one which ought not to have been submitted to or inflicted; wherefore, the definition would make every injury irreparable. We believe the definition is not to be regarded as enlarging all injuries to the status of irreparability, but, as applied to cases such as the one before us, to be deemed as warranting the use of the injunctive power of the court against a wrong which the trial judge no doubt deemed insufferable because it constitutes an overbearing assumption by one person of superiority and domination over the rights and property of others.

Defendant claims statutory help from Code of Civil Procedure section 526, subdivision 5, which provides that an injunction cannot be granted to prevent the breach of a contract which would not be specifically enforced. This conflicts with defendant's insistence that the injunction is of the mandatory, not the prohibitory, kind. Anyway, the nature of the proceeding before us is not for specific performance nor for damages for breach of contract, but is of the equitable character of a suit for accounting. This distinction was made in *Kendall* v. *Foulks, supra,* 180 Cal. 171, 174-175.

Defendant argues that plaintiffs could not have had a clear right to relief, else the court would not have withheld the $5,000; but this does not follow. The withholding of the relatively small amount is discussed below.

■ Finally, defendant argues that the injunction requires continuous supervision of future affirmative acts. He cites several cases in which specific performance has been denied for this reason; but preliminary injunction, as distinguished from specific performance, is by its nature limited in time. Moreover, its terms are simple and enforcement can be accomplished readily. The order granting the injunction must be affirmed.

### Plaintiffs' Appeal

■ Although the judge might well have ordered the entire amount held in the suspense account handed over to plaintiffs, it was not an abuse of his discretion to withhold a relatively small amount. The granting or denying of an injunction being so largely discretionary, the denial in part must likewise be held sustainable as an exercise of judgment. Mere error (and we do not hold there was error) is not sufficient to bring about reversal of an order denying in whole a preliminary mandatory injunction. (*Alvarez* v. *Eden Township Hospital Dist.,* 191 Cal.App.2d 309, 311 [12 Cal.Rptr. 661].) It is not sufficient cause for reversal of a partial denial. The amount withheld is but a fraction of that which will now be payable to plaintiffs. There are five plaintiffs, so that the amount temporarily withheld from each is not large. Argument could be made, with some logic, that although defendant does not have a legal right to the withholding, once it has been done the holding in suspense of the relatively small amount of $5,000, as a sort of security for costs or as an incentive for plaintiffs to bring the case promptly to trial, need not be interfered with; but perhaps it is better to regard

this part of the court's decision as simply a discretionary abstention from the full use of the court's equitable power.

The order is affirmed in its entirety. Each party to bear own costs on appeal.

Draper, P. J., and Salsman, J., concurred.

On January 19, 1967, the judgment was modified to read as printed above.