Opinion
 

 KAUFMAN, J.
 

 —When the marriage of James (hereafter husband) and Camille (hereafter wife) Fithian was dissolved in 1972, it was determined that 71 percent of husband’s military retirement pay was community property. Husband was ordered to pay half, of this amount (35.5 percent) to wife each month as he received payments from the federal government. After experiencing considerable difficulty in enforcing this order, wife sought and obtained an order requiring husband to deposit in court 35.5 percent of his retirement payments each month. Husband appeals from this order. We affirm.
 

 Husband served 22 years in the United States Marine Corps. Two years after his retirement from military service, husband initiated proceedings which resulted in the dissolution of his 16-year marriage to
 
 *400
 
 wife. There were seven children of the marriage, custody' of whom was awarded to husband. Wife was not awarded spousal support, but the court reserved jurisdiction on the matter. As previously mentioned, wife was found to have a community property interest to the extent of 35.5 percent of husband’s retirement pay, and husband was ordered to pay this sum to wife month by month.
 

 Husband appealed from that portion of the interlocutory judgment granting wife an interest in the retirement pay. While that appeal was pending, wife petitioned for spousal support. The court ordered husband. to pay wife $270 per month spousal support, but the order provided that in the event husband’s appeal was unsuccessful, husband “shall receive credit against the division of property for the amounts he has paid by way of this order, and this order for spousal support will be reduced to $1.00 per year. ...”
 

 Husband’s appeal reached the Supreme Court, where it was decided that his military retirement pay was community property subject to division upon dissolution of marriage.
 
 (In re Marriage of Fithian,
 
 10 Cal.3d 592 [111 Cal.Rptr. 369, 517 P.2d 449].)
 

 Wife attempted to enforce her community property rights in the retirement pay by petitioning for an order to show cause re contempt. In response to this petition, husband apparently paid the amount due under the short-lived spousal support order, which reduced the extent of the arrearages on the community property obligation. However, husband refused to pay amounts due before the support order became effective, or any amounts that became due after the appeal was decided. At husband’s request, the contempt proceeding was dismissed, apparently on the mistaken theory that orders for division of community property are never enforceable by contempt.
 

 Wife attempted to garnish husband’s wages, but he obtained an exemption for the entire amount of his wages. Wife attempted to levy execution on husband’s residence and on an adjoining.rental property owned by husband, but execution was quashed on the ground that both residences were protected by a declaration of homestead.
 

 Wife has not attempted to garnish the federal government’s obligation to husband for retirement pay, believing that the attempt would be futile. (See
 
 In re Marriage of Maunder,
 
 57 Cal.App.3d 570, 572 [127 Cal.Rptr. 707].)
 

 
 *401
 
 Wife again petitioned for an order to show cause re contempt. In connection with this petition, she requested an order pursuant to Code of Civil Procedure section 572 requiring husband to deposit in court each month 35.5 percent of his retirement pay.
 

 Code of Civil Procedure section 572 provides: “When it is admitted by the pleadings, or shown upon the examination of a party to the action, that he has in his possession, or under his control, any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court or delivered to such party, upon such conditions as may be just, subject to the further direction of the court.”
 

 On appeal, husband argues that section 572 cannot be applied to enforce a final division of community property.
 

 Section 572 appears in title 7, commencing with section 477, of part 2 of the Code of Civil Procedure, entitled “Of the Provisional Remedies in Civil Actions.”
 
 [1]
 
 A provisional remedy is one designed to preserve assets pending resolution of litigation. (See 2 Witkin, Cal. Procedure (2d ed.) Provisional Remedies, § 1, p. 1465.) A provisional remedy must be distinguished from a remedy designed to enforce a judgment. The Code of Civil Procedure deals with enforcement remedies primarily in title 9, commencing with section 681, of part 2.
 

 That section 572 is exclusively a prejudgment remedy is confirmed by its language, which refers to admissions in pleadings, and funds that are “the subject of litigation.”
 

 The respective rights of husband and wife with regard to the retirement pay have been finally determined by the judgment affirmed in the previously mentioned decision of our Supreme Court. Consequently, the time for provisional remedies has passed, and section 572 cannot be used to enforce the division of the retirement pay.
 

 Although we have concluded that section 572 does not provide authority for the order in question, it does not necessarily follow that the
 
 *402
 
 order was unauthorized. An appellate court reviews the action of a lower court, not its legal reasoning. A ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason.
 
 [2]
 

 (D’Amico
 
 v.
 
 Board of Medical Examiners,
 
 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10];
 
 Davey
 
 v.
 
 Southern Pacific Co.,
 
 116 Cal. 325, 329 [48 P. 117].)
 

 “Every
 
 court has power to compel obedience to its judgments and orders (Code Civ. Proc., §§ 128, subd. 4, 177), and a court of equity retains inherent jurisdiction to oversee and enforce execution of its decrees. (Witkin, Cal. Procedure (2d ed. 1970) Judgments, § 79, p. 3240; see, e.g.,
 
 Lesser & Son v. Seymour,
 
 35 Cal.2d 494, 500 [218 P.2d 536];
 
 Green Trees Enterprises v. Palm Springs Alpine Estates,
 
 66 Cal.2d 782, 788 [59 Cal.Rptr. 141, 427 P.2d 805];
 
 Vallelunga v. Gomes,
 
 102 Cal.App.2d 374, 382 [227 P.2d 550].)”
 
 (Brown v. Brown,
 
 22 Cal.App.3d 82, 84 [99 Cal.Rptr. 311].)
 

 “To the extent that a judgment of dissolution is not self-executing in respect of any division of property therein ordered, the court retains jurisdiction to make such further orders as are appropriate to compel obedience to its judgment.”
 
 (Bonner v. Superior Court,
 
 63 Cal.App.3d 156, 165 [133 Cal.Rptr. 592].) Civil Code section 4380 provides: “Any judgment, order, or decree of the court made or entered pursuant to this part may be enforced by the court by execution, the appointment of a receiver, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary.” (See also, Civ. Code, § 4800, subd. (d).) The phrase “this part” in section 4380 refers to the Family Law Act, which is part 5 of division Fourth of the Civil Code.
 

 That a court in a dissolution action has the power to order a spouse to pay money or deliver property into the hands of a third party cannot be doubted. Civil Code section 4380, quoted above, which authorizes appointments of receivers, clearly contemplates remedies of this nature. (See also,
 
 Ex parte Gordan,
 
 95 Cal. 374, 377 [30 P. 561] [affirming order to pay child support to child’s grandmother as “agent or officer of the court”];
 
 Highsmith v. Crista,
 
 66 Cal.App.2d 808 [153 P.2d 180] [affirming
 
 *403
 
 order enforcing sister-state judgment to pay child support to county clerk in sister state].)
 

 While conceding that remedies in the nature of receiverships may be authorized to enforce some forms of property division, husband argues that such remedies cannot be used in the instant case because wife is in the position of a judgment creditor on a simple money judgment.
 

 Although a recent case has held that a receiver may be appointed to enforce a simple money judgment
 
 (Olsan
 
 v.
 
 Comora
 
 (1977) 73 Cal.App.3d 642 [140 Cal.Rptr. 835]), we need not deal with this question as we are firmly persuaded that wife is not in the position of a creditor.
 

 A spouse with a community property interest in the other spouse’s retirement pay “claims not as a creditor, but as an owner with a ‘present, existing, and equal interest.’ ”
 
 (Phillipson
 
 v.
 
 Board of Administration,
 
 3 Cal.3d 32, 44 [89 Cal.Rptr. 61, 473 P.2d 765];
 
 In re Marriage of Hisquierdo,
 
 19 Cal.3d 613, 616 [139 Cal.Rptr. 590, 566 P.2d 224]; cf.
 
 In re Marriage of Fithian, supra,
 
 10 Cal.3d 592, 602-603.) In
 
 Bonner
 
 v.
 
 Superior Court, supra,
 
 63 Cal.App.3d 156, the wife in a dissolution proceeding was awarded community real property and was ordered to pay the husband $5,000 “as and for his community interest in the said real property.” Wife failed to pay this amount to husband and execution was levied on the real property. When wife’s claim of exemption (Code Civ. Proc., § 690.235) was denied, she sought a writ of mandate to compel the superior court to grant the exemption. The writ was denied, the court stating, at page 165, that the husband’s position was not that of a “mere creditor,” and therefore the lower court could order sale of the real property to effectuate the division of community property.
 

 We find no merit in husband’s contention that this court is bound to view wife’s interest as that of a mere creditor by virtue of a stipulation between the parties. The contention involves a minute order dated January 14, 1974, which states: “the remainder of any sums due will be stipulated to constitute a money judgment.”
 

 A stipulation is not binding if, as a matter of law, it is clearly erroneous.
 
 (Robinson
 
 v.
 
 Sacramento City etc. Sch. Dist.,
 
 245 Cal.App.2d 278, 287 [53 Cal.Rptr. 781].) Nor has husband established the elements of an estoppel (see Evid. Code, § 623) inasmuch as the record does not
 
 *404
 
 indicate that husband has acted to his detriment in reliance upon the stipulation.
 

 For the reasons stated above, we conclude that the court below ha
 
 d
 
 authority to order husband to deposit wife’s share of his retirement pay in court.
 

 Nevertheless, there is a further ground for questioning the validity of the court’s order which is implicit in many of husband’s arguments. As previously mentioned, wife attempted unsuccessfully to enforce the original order by contempt proceedings. In the trial court, wife’s counsel stated that the current order was sought in the hope it would be enforceable by contempt. Thus the question naturally arises whether the order appealed from violates the venerable legal maxim that one may not do indirectly what he is forbidden to do directly.
 
 (Hall
 
 v.
 
 Hall,
 
 98 Cal.App.2d 209, 213 [219 P.2d 808].)
 

 The underlying issue is whether use of the contempt sanction, under the circumstances presented by this case, would violate the constitutional prohibition against imprisonment for debt.
 
 [3]
 
 In our view, resolution of this question does not turn on the form of the order (i.e., whether husband is to pay the funds into court rather than directly to wife) but rather on the nature of husband’s obligation. . We have decided, for the reasons indicated below, that husband’s obligation is not a debt within the meaning of article I, section 10, of our state Constitution.
 

 In the broadest sense, the word “debt” means all that is due from one person to another under any form of obligation.
 
 (City of Newark
 
 v.
 
 Lehman’s Estate
 
 (1940) 18 N.J.Misc. 510 [14 A.2d 792, 793].) However, the word has different meanings in different statutes, often considerably narrower than the definition just quoted.
 
 (Smedberg
 
 v.
 
 Bevilockway,
 
 14 Cal.App.2d 312, 315 [58 P.2d 173];
 
 Behnke
 
 v.
 
 New Jersey Highway Authority
 
 (1953) 13 N.J. 14 [97 A.2d 647, 654].)
 

 As used in constitutional provisions proscribing imprisonment for debt, a debt is an obligation to pay money from the debtor’s own
 
 *405
 
 resources.
 
 [4]
 

 (Fretz
 
 v.
 
 Burke,
 
 247 Cal.App.2d 741, 745 [55 Cal.Rptr. 879].) Thus a failure to deliver a specific item of property or a specific fund of money may be punished by contempt.
 
 (Sullivan
 
 v.
 
 Superior Court,
 
 72 Cal.App. 531 [237 P. 782] [husband’s failure to deliver real property to wife];
 
 Freeman
 
 v.
 
 Heiman
 
 (10th Cir. 1970) 426 F.2d 1050, 1052 [failure of debtor to apply to judgment funds discovered in supplemental proceedings];
 
 Ripon Knitting Works
 
 v.
 
 Schreiber
 
 (E.D.Wash. 1900) 101 F. 810, 816-817 [failure of bankrupt to deliver funds to trustee in bankruptcy].) Also it is held that imprisonment of a trustee for failure to deliver money held in trust, where the money has been improperly converted to the trustee’s own use, is not imprisonment for debt.
 
 (Ex parte Smith,
 
 53 Cal. 204, 207-208 [funds held by executor of an estate for distribution are not a debt of the executor];
 
 Cox
 
 v.
 
 Rice
 
 (1941) 375 Ill. 357 [31 N.E.2d 786, 788-789, 134 A.L.R. 923] [failure of conservator to deliver funds of conservatee];
 
 Davis
 
 v.
 
 State
 
 (1938) 237 Ala. 143 [185 So. 774, 777] [failure of guardian to pay misappropriated funds held for ward];
 
 Tegtmeyer
 
 v.
 
 Tegtmeyer
 
 (1937) 292 Ill.App. 434 [11 N.E.2d 657, 661] [failure of trustee to deliver trust funds].)
 

 In the case at bench the original order dividing community property states: “The court further finds 71% of [husband’s] retirement to be community property or quasi-community property and he is ordered to pay [wife] one-half of 71% for so long as he continues to receive same.” Under this order husband’s obligation was to deliver a specific item of property rather than to pay a designated sum from his private resources.
 

 Furthermore, as previously noted, wife claims her community share of the retirement pay as an owner thereof, not as a creditor.
 
 (Phillipson
 
 v.
 
 Board of Administration, supra,
 
 3 Cal.3d 32, 44;
 
 In re Marriage of Hisquierdo, supra,
 
 19 Cal.3d 613, 616; see
 
 Cook
 
 v.
 
 Hunter
 
 (Tex.Civ.App. 1965) 389 S.W.2d 94, 95.) One who wrongfully detains another’s funds is an involuntary trustee thereof. (Civ. Code, § 2223,
 
 Church
 
 v.
 
 Bailey,
 
 90 Cal.App.2d 501, 504 [203 P.2d 547]; see
 
 Elliott
 
 v.
 
 Elliott,
 
 231 Cal.App.2d 205, 208-212 [41 Cal.Rptr. 686].) To the extent that husband has
 
 *406
 
 wrongfully withheld the retirement pay funds belonging to wife, he is a trustee of those funds and subject to the remedies against unfaithful trustees.
 

 We conclude that husband’s obligation under the order dividing his retirement pay is not a debt and the order for deposit in court may properly be enforced by contempt.
 

 The order appealed from is affirmed.
 

 Gardner, P. J., and McDaniel, J., concurred.
 

 [1]
 

 We refer to the provisions in effect at the time of the action below. As of this writing, title 7 commences with section 500 and is entitled “Other Provisional Remedies in Civil Actions.” (See Stats. 1974, ch. 1516, § 7, as amended by Stats. 1975, ch. 200, § 2.)
 

 [2]
 

 Strictly speaking, the record does not establish that the order-was made for a wrong reason. Although section 572 was the only source of authority urged by wife in the court below, the order itself does not refer to any statutory provisions.
 

 [3]
 

 Article I, section 10 of the California Constitution provides, in relevant part: “A person may not be imprisoned in a civil action for debt or tort, or in peacetime for a militia fine.”
 

 [4]
 

 An analogy may be drawn to constitutional and statutory debt limitations of public entities. (E.g., Cal. Const., art. XVI, §§ 1; 18; Gov. Code, § 43605.) In this context it has been held that where the obligation is to be paid from a special fund, and not from general revenues, it is not a debt.
 
 (City of Oxnard
 
 v.
 
 Dale,
 
 45 Cal.2d 729, 733 [290 P.2d 859].)